UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Clifford Leroy Reinbold,

              Petitioner,

   v.

Jeffrey A. Uttecht,

              Respondent.

CASE NO. 3:19-cv-05427-BHS-JRC

REPORT AND RECOMMENDATION

Noting Date: September 20, 2019

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Clifford Leroy Reinbold filed his federal habeas petition ("petition"), pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 7. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition. Because petitioner's time for pursuing state remedies has expired, petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends that the petition be dismissed with prejudice.

## BACKGROUND

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for two counts of first-degree child molestation. Dkt. 12, Exhibit 3. Petitioner was sentenced to an indeterminate life sentence with concurrent 89-month minimum terms. Dkt. 12, Exhibit 3. Petitioner did not file a direct appeal or a collateral review action in state court. Dkt. 7 at 2, 3. His conviction became final on April 16, 2018. Dkt. 12, Exhibit 3.

On May 13, 2019, petitioner filed this petition pursuant to § 2254. Dkts. 1, 7. Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 7. On July 9, 2019, respondent filed an answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 11. Respondent maintains that the petition should be dismissed with prejudice as unexhausted and procedurally barred. Dkt. 11. Petitioner did not file a traverse.

## DISCUSSION

Respondent maintains that petitioner failed to exhaust the grounds raised in the petition and is procedurally barred from federal review. Dkt. 11.

1. *Exhaustion of State Remedies*

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state supreme court even though the state court did not reach the argument on the merits). Petitioner bears the burden of proving he has exhausted available state remedies and retains the burden to prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); 28 U.S.C. § 2254(b)(1)(A).

As petitioner did not raise any of the four grounds in the instant petition on direct appeal or collateral review, he did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred when he was convicted of child molestation. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not raised on every level of direct review).

Petitioner appears to argue that his claims are exempt from the exhaustion requirement, stating that there are "no remedies or alternate procedures as long as the State is acting in willful defiance [of] processes and statutes." Dkt. 7 at 5, 7. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, petitioner has not shown that there is an absence of available state corrective processes or circumstances exist rendering any state process ineffective. Rather,

Petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds that petitioner has not shown there are no state court remedies available to him. Therefore, the Court concludes that all four grounds raised in the petition were not properly exhausted.

### 2. *Procedural Default*

Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons or it is clear the state court would hold the claim procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered "procedurally defaulted" and the federal courts are barred from reviewing the petition on the merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

All four grounds raised in the petition are procedurally defaulted because if petitioner attempted to collaterally challenge these claims in a personal restraint petition ("PRP"), the state court would find the claims barred by Washington State law. Washington State imposes a one-year statute of limitations on filing a PRP or other post-conviction challenges. RCW § 10.73.090. Petitioner did not file a direct appeal and his conviction became final on April 16, 2018, the date it was filed with the superior court clerk. Dkt. 12, Exhibit 3. The time to file a petition or motion for post-conviction relief expired April 16, 2019, one year after petitioner's conviction became final. *See* RCW 10.73.090(1), (3)(b). As the one-year statute of limitations has passed, petitioner's claims are now time-barred in state court. *See id*. at (1).

Petitioner would be precluded from asserting all four grounds raised in the petition in state court, and thus, these claims are procedurally defaulted in federal court. *See Coleman*, 501

U.S. at 731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

However, procedural default will be excused and a petitioner will be entitled to federal habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477 U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the evidence in light of new reliable evidence, the petitioner must show "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

1    Here, petitioner has not alleged any facts that establish cause or prejudice. Nor does

2 petitioner present any new evidence demonstrating that it is more likely than not that no

3 reasonable juror would have convicted him in light of any new evidence. Petitioner simply did

4 not raise the claims in his petition at all levels of the state court.  Accordingly, petitioner has

5 made no showing of cause or prejudice or a fundamental miscarriage of justice.  Because

6 petitioner cannot excuse his procedural default, all four grounds raised in the petition are not

7 cognizable in a habeas corpus proceeding and should therefore be dismissed.

## EVIDENTIARY HEARING

9    The decision to hold an evidentiary hearing is committed to the Court's discretion.

10 *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

11 hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

12 entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

13 available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

14 state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

15 entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

16 record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

17 court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

18 hold an evidentiary hearing in this case because, as discussed in this report and recommendation,

19 petitioner's grounds may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

21    A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

22 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

23 (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

24

1 may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

2 constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

3 that jurists of reason could disagree with the district court's resolution of his constitutional

4 claims or that jurists could conclude the issues presented are adequate to deserve encouragement

5 to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

6 529 U.S. 473, 484 (2000)).

7     No jurist of reason could disagree with this Court's evaluation of petitioner's claims or

8 would conclude that the issues presented in the petition should proceed further. Therefore, the

9 Court concludes that petitioner is not entitled to a certificate of appealability with respect to this

10 petition.

## CONCLUSION

12     For the above stated reasons, the Court concludes that all grounds raised in the petition

13 are unexhausted and procedurally defaulted. The Court also finds that an evidentiary hearing is

14 not necessary. Therefore, the Court recommends that the petition be dismissed with prejudice

15 and a certificate of appealability not be issued.

1        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

6 September 20, 2019 as noted in the caption.

7        Dated this 26th day of August, 2019.

                                                             J. Richard Creatura
                                                             United States Magistrate Judge