UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLIFFORD LEROY REINBOLD,

        Petitioner,

  v.

JEFFREY A. UTTECHT,

        Respondent.

CASE NO. C19-5427 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 13, and Petitioner Clifford Reinbold's ("Petitioner") objections to the R&R, Dkt. 14.

On May 13, 2019, Petitioner filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.[1] Petitioner challenges his incarceration under a state court judgement convicting him of two counts of child molestation in the first degree. Dkt. 12, Ex. 3. Petitioner raised four grounds for relief in the petition, all of which are premised on the allegation that his conviction violated his rights under the Fifth Amendment because he was charged by information, rather than by an indictment issued by a grand jury. Dkt. 7. On July 9, 2019, Respondent answered. Dkt. 11. Respondent argued that Petitioner's claims are unexhausted because he failed to raise them in state

---

[1] Petitioner initially brought this action in the Eastern District of Washington, but the file was transferred to this District. *See* Dkt. 3; *see also* 28 U.S.C. § 2241(d) (petition for federal habeas relief must be brought in the district where the conviction arose).

court, that his claims are now procedurally barred in state court, and in the alternative, that his claims fail to state a federal constitutional ground for relief. *Id.* On August 26, 2019, Judge Creatura issued the R&R recommending dismissal of Petitioner's petition for failure to exhaust state judicial remedies. Dkt. 13.

On September 8, 2019, Petitioner filed objections to the R&R. Dkt. 14. Also on September 8, 2019, Petitioner filed motions to compel evidence for record of the court, Dkt. 15, to initiate supplemental jurisdiction, Dkt. 16, and for petitioner-initiated summary judgment, Dkt. 17. On September 18, 2019, Respondent responded to Petitioner's motions. Dkt. 18. On September 23, 2019, Petitioner replied. Dkt. 19.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

First, Petitioner contests the well-settled and binding rule requiring him to exhaust his state court remedies before seeking relief in federal court. Dkt. 14 at 1–2. Although Petitioner contends that "exceptional circumstances" justify his exception from the rule, he fails to identify any exceptional circumstance demonstrating that the Court should not apply the exhaustion requirement in this case. *See id.* Moreover, the exhaustion requirement is "one of the pillars of federal habeas corpus jurisprudence." *Calderon v. U.S. Dist. Court for N. Dist. of Cal.*, 134 F.3d 981, 984 (9th Cir. 1998). Petitioner's arguments do not persuade the Court to carve out an exception to this rule. Therefore, Petitioner's objection to dismissal for failure to exhaust state judicial remedies is denied.

1		Second, Petitioner contests the R&R's conclusion that all four grounds raised in
2	the petition are procedurally defaulted. Dkt. 14 at 2. The procedural default rule bars
3	federal courts from considering a claim when it is clear the state court would hold the
4	claim to be procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir.
5	2002). Petitioner did not raise any of his claims in state court, and the R&R found that the
6	state court would find the claims barred under Washington law if Petitioner attempted to
7	file them now via a personal restraint petition. Dkt. 13 at 4.
8		RCW 10.73.090 sets a one-year limitations period for actions collaterally attacking
9	a judgment of conviction. RCW 10.73.090. Petitioner contends he falls within an
10	exception to the one-year rule because he demonstrates newfound constitutional error
11	"through acts of due diligence . . . ." Dkt. 14 at 2. Although RCW 10.73.100(1) lifts the
12	limitations period when a defendant discovers new evidence after acting with reasonable
13	diligence in discovering the evidence and filing the petition, Petitioner fails to show that
14	the evidence that underlies his claim—his charging by information rather than by
15	indictment—is newly discovered. Additionally, he fails to demonstrate reasonable
16	diligence because nothing prevented him from presenting this claim in the state court
17	within the limitations period. Thus, Petitioner fails to convince the Court that the claims
18	in his petition are not subject to the procedural default bar.
19		Even so, Petitioner argues that his procedural default is excused by cause and
20	prejudice sufficient to overcome the bar on federal court review of his claims. *Id.* at 3–16.
21	"Where a defendant has procedurally defaulted a claim by failing to raise it on direct
22	review, the claim may be raised in habeas only if the defendant can first demonstrate

either 'cause' and actual 'prejudice'. . . ." *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner, however, does not make a showing of cause or actual prejudice. Instead, he only repeats his assertion that art. I, § 26 of the Washington Constitution abridges his Fifth Amendment right to indictment by grand jury and states that this fact makes his compliance with the procedural default rule "[impractical]. . . ." Dkt. 14 at 6. Therefore, his objection to the dismissal of his petition for procedural default is denied.

Third, Petitioner objects to the R&R's conclusion denying him an evidentiary hearing. Dkt. 14 at 2–3. Yet Petitioner fails to persuade the Court that an evidentiary hearing is needed to resolve his petition. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Therefore, the objection is denied.

Fourth, Petitioner objects to the R&R's conclusion denying him a certificate of appealability. Dkt. 14 at 3. Because reasonable jurists could not conclude that Petitioner has made a substantial showing of a denial of a constitutional right in his petition, *see* 28 U.S.C. § 2253(c), his objection is denied.

Petitioner lodges numerous other objections that are meritless. Therefore, the Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Petitioner's habeas petition, Dkt. 7, is **DISMISSED with prejudice**;

(3) Petitioner's remaining motions, Dkts. 15, 16, 17, are **DENIED as moot**;

(4) A Certificate of Appealability is **DENIED**; and

(5) The Clerk shall enter **JUDGMENT** and close the case.

Dated this 12th day of December, 2019.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge